TENNIES CORPORATION, Respondent, v. WAGNER IRON WORKS, Appellant.*

*September 11—October 6, 1959.*

* Motion for rehearing denied, with $25 costs, on December 1, 1959.

For the appellant there was a brief and oral argument by *Morris Karon* of Milwaukee.

For the respondent there was a brief by *Marth & Marth* of West Bend, and oral argument by *William J. Marth.*

DIETERICH, J. The plaintiff, Tennies Corporation, was the general contractor for the construction of the Kewaskum high school at Kewaskum, Wisconsin. On November 22, 1955, plaintiff entered into a contract to purchase from the defendant, Wagner Iron Works, Ludman aluminum sash and porcelain panels for the Kewaskum high school for $11,850. The Ludman sash and panels were patented and were manufactured and could be supplied solely by the Ludman Corporation of North Miami, Florida. Defendant Wagner was the Wisconsin distributor of the Ludman sash and panels. The contract did not specify any delivery date and

it had the following provision: "All agreements contingent upon strikes, accidents, and unavoidable or unforeseen causes beyond our control, such as delay by transportation companies and inability to secure material."

On November 28, 1955, defendant placed an order for the purchase of the Ludman aluminum sash and porcelain panels with the Ludman Corporation. This order specified February 15, 1956, as the date for delivery, and the purchase price was $9,865. The conditions of purchase were:

"All materials furnished must be of the best of their respective kinds. All materials purchased will be subject to our inspection and approval after delivery at destination unless otherwise agreed upon in writing. If materials are rejected, they will be held for disposition at your risk and expense.

"This order must not be filled at higher prices than last quoted or charged without our approval.

"If unable to fill any part of this order, notify purchasing agent immediately. . . .

"We will not in any manner be responsible for goods delivered or work done for our account without a formal and approved written order. . . .

"You agree: (a) To be bound by the drawings, specifications, and obligations of any contract we may have with others of which this is a part; (b) to defend, indemnify, and save us harmless from and against all suits or claims, loss, or damage arising out of your performance hereof, including suits or claims for patent infringements, royalties, license fees, violations of laws, ordinances, rules, and/or regulations.

"By accepting this order you assent to all provisions contained hereon.

"Acknowledge and advise at once when shipment will be made."

The record discloses that the defendant used its efforts to obtain delivery of the sash and panels from the Ludman Corporation both by numerous telephone calls and telegrams. Notwithstanding defendant's demands for delivery, Ludman failed to deliver.

On September 24, 1956, the defendant informed Ben Tennies, the president of the plaintiff corporation, that the supplier of the panels demanded an increase in the price of $1,330. Tennies refused to absorb or to pay the increased price. Mr. Blank, the agent of the defendant corporation, suggested that plaintiff place the order for the sash and panels directly with the Ludman Corporation because of Ludman's delay in delivery. Tennies replied he would do so upon approval of the architect.

On September 24, 1956, Blank wrote a letter to the plaintiff confirming his conversation with Tennies and stated that the defendant was closing out the plaintiff's order, and that it was defendant's understanding that the plaintiff was "placing an order to the Ludman Corporation to furnish this job in its entirety," and that "all drawings and necessary information in our file is being transferred to Ludman Corporation today." The plaintiff, Tennies Corporation, admitted receiving this letter on September 25, 1956.

On the same day, September 24, 1956, defendant also wrote to the Ludman Corporation canceling its purchase order from Ludman for the sash and panels, stating:

· "As per our agreement your company is to take over this job in its entirety for the amount of $11,850. This includes the panel work and accessories previously contracted for with Ingram-Richardson Manufacturing Company.

"We are inclosing herewith two copies of your final drawings on this work. We are also including a copy of Ingram-Richardson's letter dated August 6th, which calls for an adjustment in their original quotation dated January 5, 1956. A copy of this quotation is also being included in this transmittal.

"After speaking with you on the telephone this morning I talked to Ben Tennies who informed me that he was calling you today to advise that he would be sending you an order in the amount of $11,850 under separate cover and that you were to start fabricating at once."

The defendant gave up a profit in agreeing to the substitution.

On September 27, 1956, plaintiff placed a purchase order for the sash and panels directly with the Ludman Corporation at the same price of $11,850, which plaintiff had agreed to pay defendant, and demanded rush delivery.

Ludman accepted plaintiff's order, but Ludman continued to delay delivery of the sash and panels. It did not deliver the sash to plaintiff until December 19, 1956, and the panels until January 7 or 8, 1957.

The plaintiff claimed it had to inclose the building in October and November, 1956, and it was necessary to heat the premises during the work of plastering, painting, installing the acoustic ceiling and asphalt-tile floors. The installation of the windows and panels was completed about the end of February, 1957.

The following notice was served on the defendant November 19, 1957:

"Please take notice that Tennies Corporation, . . . claims a breach of contract by Wagner Iron Works . . . for its failure to furnish and deliver Ludman aluminum sash and porcelain panels to the Kewaskum high school, . . . in accordance with the terms of the contract between Tennies Corporation and Wagner Iron Works, entered into on or about November 22, 1955, and

"Please take notice that Tennies Corporation claims damages against Wagner Iron Works for the expense of inclosing and heating the aforesaid premises naturally resulting from said breach of contract.

"This notice is in addition to all prior notice heretofore given."

The Tennies Corporation during the months of February, April, and July, 1957, paid all but a balance of $1,500 on the $11,850 contract it had with the Ludman Corporation.

The plaintiff admitted that the new order to purchase the sash and panels directly from the Ludman Corporation made

on September 27, 1956, was to replace the Tennies-Wagner contract of November 22, 1955, and this is substantiated by the following question which was asked of Ben Tennies:

"*Q.* You told somebody at the Ludman Corporation over the long-distance phone that you were going to place a new order for this aluminum sash and porcelain panels to replace the Wagner order, isn't that right? *A.* Yes."

In 17 C. J. S., Contracts, p. 886, sec. 395, it is said:

"A contract complete in itself will be conclusively presumed to supersede and discharge another one made prior thereto between the same parties concerning the same subject matter, where the terms of the later are inconsistent with those of the former so that they cannot subsist together."

In 17 C. J. S., Contracts, p. 869, sec. 379, it is said:

"The new contract supersedes the first to the extent that the two will be unable to stand together."

The plaintiff's contract with the Ludman Corporation called for the same sash, panels, and price. The plaintiff failed to make any reservation of any rights it had, or may have had, against the defendant Wagner Iron Works at the time it accepted the defendant's request that it deal directly with the Ludman Corporation. The purpose and intent of the parties was to transfer the entire contract between plaintiff and defendant to the Ludman Corporation and to substitute the Ludman Corporation for the defendant. This constituted a cancellation of the plaintiff's contract with the defendant and the contract between the Tennies Corporation and the Ludman Corporation superseded it.

*By the Court.*—Judgment reversed, with instructions to dismiss the complaint.